IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY     PLAINTIFF

VS.     CIVIL ACTION NO. __5:21-cv-9-DCB-FKB__

RESIDENTIAL HARDWARE & INTERIORS,
LLC AND TIMOTHY THARPE, ON BEHALF
OF H.T., A MINOR     DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), files this its Complaint for Declaratory Judgment, and would respectfully show unto the court the following:

### I. NATURE OF ACTION

1.

This is a civil action for a declaratory judgment arising from State Auto's issuance of a Business Auto insurance policy to the Named Insured, Residential Hardware & Interiors, LLC, policy number BAP 2472095 01, with a policy period of June 28, 2019 to June 28, 2020 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A" and the terms thereof are incorporated by reference herein.

2.

State Auto seeks a declaration that the Policy provides no uninsured motorists ("UM") coverage with respect to an automobile accident that occurred on February 26, 2020, in which H.T. was injured.

## II.  THE PARTIES

3.

State Auto is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Ohio.

4.

Defendant Residential Hardware & Interiors, LLC ("Residential Hardware"), is a Limited Liability Company with its principal place of business in Rankin County, Mississippi.  The only member of Residential Hardware is Timothy Tharpe, whose address is listed as 306 Wood Duck Circle, Brandon, Mississippi 39047. Therefore, for jurisdictional purposes, Residential Hardware is deemed to be a resident of Mississippi.  Residential Hardware may be served with process via its registered agent, Timothy Tharpe.

5.

Defendant H.T. is a minor who resides at 313 Lakeside Drive, Brandon, Mississippi, 39047, who may be served with process via his father Timothy Tharpe and by serving H.T. personally, in accordance with Miss. R. Civ. P 4(d)(2)(A).

## III.  JURISDICTION AND VENUE

6.

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as the matter in controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.  The amount in controversy is satisfied because Defendant H.T. allegedly sustained serious injuries in the subject automobile accident, requiring him to be transported by air ambulance to Forrest General Hospital, and the amount of UM insurance at issue in this case is $100,000.

7.

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this district.

8.

Plaintiff is entitled to declaratory relief in accordance with 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.

## IV. FACTS

9.

On February 26, 2020, H.T. was a passenger in a vehicle driven by G.S., a minor. They were traveling north on Interstate 55 in Pike County, Mississippi, when the vehicle left the roadway and struck several trees. Another passenger was killed in the accident, and H.T. was air-lifted to Forrest General Hospital. A true and correct copy of the Mississippi Uniform Crash Report is attached as Exhibit "B".

10.

Counsel for H.T. has asserted a claim for UM benefits under the subject Policy. Exhibit "C".

## V. THE POLICY

11.

The Policy's UM coverage states in pertinent part,

**Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

      a. The Named Insured and any "family members".

      b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

      c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

      d. Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

      a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

      b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

      c. Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.

      c. The Named Insured for "property damage" only.

12.

The only Named Insured listed on the Policy is Residential Hardware & Interiors, LLC, a limited liability company. No individual is listed as a Named Insured.

13.

The automobile involved in the subject accident is not listed as a covered "auto" under the Policy.

## VI.  REQUEST FOR DECLARATORY JUDGMENT

14.

Plaintiff repeats and realleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.

An actual, substantive, and justiciable controversy exists between the parties concerning the existence of coverage under the Policy. The parties accordingly have a direct, substantial, and present interest in a declaratory judgment.

16.

Because the Named Insured is a limited liability company, Defendant H.T. does not qualify as an insured under the Policy. He is not listed as an insured under the Policy, and he was not occupying a covered auto under the Policy. Therefore H.T. is not entitled to any UM benefits under the Policy.

17.

Accordingly, State Auto is entitled to a declaratory judgment that the Policy provides no UM coverage to H.T. with respect to the subject accident.

## **REQUEST FOR RELIEF**

WHEREFORE, State Auto respectfully requests judgment in its favor and against the defendants herein, and asks the Court to:

1. Enter judgment in favor of State Auto by declaring that the Policy provides no coverage for the injuries allegedly suffered by H.T. in the subject accident; and

2. Award to State Auto its attorney fees and costs incurred in connection with this suit; and

3. Award such other relief as is just and proper, including but not limited to State Auto's recoverable count costs in this declaratory judgment action.

Respectfully submitted,

STATE AUTO PROPEERTY AND CASUALTY INSURANCE COMPANY

BY:   */s/ Tom Julian*
      OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
*tjulian@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116